# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**NORTH AMERICA AUTO SALES, LLC,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　　　**Case No. 8:14-cv-3220-T-30EAJ**

**NIPPON YUSEN KAISHA (NYK Line)**
**and NYK LINE (N.A.) INC.,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants' Motion to Dismiss for Forum Non Conveniens (Dkt. #13) and Plaintiff's Response (Dkt. #14) thereto. The Court, upon review of the motion, response, and being otherwise advised in the premises, concludes that the motion should be granted.

## BACKGROUND

This is an admiralty and maritime action for damages related to breach of contracts of carriage. In November 2013, Defendants Nippon Yusen Kaisha and NYK Line (N.A.), Inc. (collectively, "Nippon Yusen") issued two bills of lading containing the contractual terms for the delivery of Plaintiff North America Auto Sales, LLC's ("North America") three 2008 Toyota Camrys (the "Camrys") to a consignee in Aqaba, Jordan. The Camrys arrived in Jordan on January 6, 2014, five days after the expiration of a Jordanian permit allowing the cargo's entry into the country. As a result, the Kingdom of Jordan denied entry of the

cargo, which allegedly remained within Nippon Yusen's control. North America alleges conversion and breach of contract under the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. §§ 1300-1315.

The bills of lading contain the terms of the contract for the carriage of the three Camrys.[1] Paragraph 3 provides a forum-selection clause laying venue for this action in the Tokyo District Court in Japan as follows:

> [N]otwithstanding anything else contained in this Bill of Lading or in any other contract, any and all actions against the Carrier [Nippon Yusen] in respect of the goods arising out of the Carriage shall be brought before the Toyko District Court in Japan to the exclusion of the jurisdiction of any other courts. . . .

(Dkt. #13-1, ¶ 3). Further, Paragraph 3 establishes that Japanese law governs the bills of lading: "The contract evidenced by or contained in this Bill of Lading shall be governed and construed by Japanese law except as may be otherwise provided for herein." *Id.*

Nippon Yusen now moves the Court to enforce the forum-selection clause and to dismiss this action for forum non conveniens.

## **DISCUSSION**

Forum-selection clauses are presumptively valid and enforceable "unless the plaintiff makes a 'strong showing' that enforcement would be unfair or unreasonable under the circumstances." *Krenkel v. Kerzner Int'l Hotels Ltd.,* 579 F.3d 1279, 1281 (11th Cir. 2009).

---

[1] A bill of lading "records that a carrier has received goods from the party that wishes to ship them, states the terms of carriage, and serves as evidence of the contract for carriage." *Kawasaki Kisen Kaisha Ltd. v. Regal-Beloit Corp.*, 561 U.S. 89, 94 (2010) (quoting *Norfolk So. R. Co. v. James N. Kirby*, 543 U.S. 14, 18-19 (2004)).

A forum-selection clause is invalidated only when: "(1) its formation was induced by fraud or overreaching; (2) the plaintiff would be deprived of its day in court because of inconvenience or unfairness; (3) the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene public policy." *Id.* (citing *Lipcon v. Underwriters at Lloyd's, London,* 148 F.3d 1285, 1290-91 (11th Cir. 1998)).

North America acknowledges that the forum-selection clause in this case is mandatory and presumptively valid. However, North America vaguely cites to one case, *Nippon Fire & Marine Ins. Co. v. M/V Spring Wave,* 92 F. Supp. 2d 574, 577 (E.D. La. 2000), to assert that the forum-selection clause here may lessen the carrier's liability below what COGSA guarantees and is therefore void under COGSA. This argument is unpersuasive for several reasons. First, in *Vimar Seguros y Reaseguros, S.A. v. M/V Sky Reefer,* 515 U.S. 528, 537-39 (1995), the Supreme Court rejected the contention that the inconvenience and expense of proceeding in a foreign forum lessened a carrier's liability. The test for whether a foreign forum selection clause is valid under § 3(8) of COGSA is whether "the substantive law to be applied [by the chosen forum] will reduce the carrier's obligations to the cargo owner below what COGSA guarantees." *Id.* at 539.

Second, since *Sky Reefer*, the Supreme Court has enforced a Tokyo forum-selection clause in a bill of lading. *See Kawasaki Kisen Kaisha Ltd. v. Regal-Beloit Corp.*, 561 U.S. 89, 111 (2010). And numerous courts have enforced similar clauses. *See Agricola Raimapu S.A., v. M/V APL Managua, et al.*, No. 09-791, 2010 WL 31744, at *1 (E.D. Pa. Jan. 5, 2010) (listing cases); *see also J.C. Renfroe & Sons, Inc. v. Renfroe Japan Co, Ltd.*, 515 F. Supp.

2d 1258, 1268-69 (M.D. Fla. 2007) (enforcing a forum-selection clause laying venue in Japan and recognizing Japan as an adequate alternative forum).

Third, the case North America relies on, *Spring Wave*, is distinguishable from the instant case. *See* 92 F. Supp. 2d at 577. In *Spring Wave*, the plaintiff produced expert testimony that opined that the Japanese court might interpret the bills of lading as limiting liability in violation of COGSA.[2] *See id.* Here, North America has not presented the Court with any evidence that the law of Japan, if applied to the case at bar, would lessen the carrier's liability. Therefore, the Court concludes that North America failed to show that the forum-selection clause violates COGSA. As such, the forum-selection clause is valid and enforceable.

Finally, North America's argument that Count II of the Complaint is separate and distinct from the breach of contract of carriage claim (Count I of the Complaint) is without merit. The allegations contained in Count II incorporate the allegations contained in Count I and it is otherwise clear that the two claims are sufficiently related. Thus, the mandatory forum-selection clause similarly applies to Count II.

It is therefore ORDERED AND ADJUDGED that:

---

[2] *Spring Wave* is also distinguishable because the district court considered the fact that the case involved defendants that were not parties to the bills of lading and thus not governed by the forum-selection clause. The court found that if it dismissed the plaintiff's claims against the Daiichi defendants under the forum-selection clause, the cross-claims filed by the other defendants, who "were not parties to the bills of lading or its forum selection clause," would still remain. *Id.* The court reasoned that even if the choice-of-forum clause were enforced, the Daiichi defendants would have to "litigate the same facts under the same legal theories, thereby undermining the central purpose of [the] forum selection clause-litigating only in Japan." *Id.*

1. Defendants' Motion to Dismiss for Forum Non Conveniens (Dkt. #13) is granted subject to the following conditions that Defendants agreed to in their Motion (Dkt. #13 at n.4):

   a) Each Defendant agrees to accept service of process in Japan and to submit to the jurisdiction of the courts of Japan;

   b) Each Defendant agrees to treat North America's re-filing of this action in Japan as though the Japanese action had been filed on December 29, 2014, the day North America filed in this Court; and

   c) Each Defendant agrees to be bound by any final judgment, after appeal if applicable, that the Tokyo District Court enters against them.

2. This case is dismissed without prejudice.

3. The Clerk of Court is directed to close this case.

**DONE** and **ORDERED** in Tampa, Florida on September 16, 2015.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Even\2014\14-cv-3220 mtd 13.frm